MARTIN *v.* TOWLE.

In an action against a common carrier of passengers, for damages occasioned by his negligence, his conduct subsequent to the time of the plaintiff's injuries may be proved, if it tends to show an admission of negligence.

A verdict will not be set aside for the admission of immaterial evidence, unless it appear that the jury were improperly influenced by it.

If a witness does not remember, or denies, that he said what is imputed to him, evidence may be given that he did say it, provided it is relevant to the matter in issue.

CASE, against the defendant as a common carrier of passengers, for damages sustained by the plaintiff by the overturning of a carriage driven by E., the defendant's servant. For the purpose of showing that the defendant did not consider E. a competent driver, evidence was received, subject to exception, that E. had driven the carriage but once after the accident. Witnesses, who examined the carriage after the accident, testified, subject to exception, that the top of the transom-bolt had been broken off.

E. was called as a witness by the defendant. Upon cross-examination, he testified that he had an interview with the plaintiff after the accident, but did not remember that he told him he was sent by the defendant to see him, and to tell him that when he should recover the defendant would "make it right with him;" nor that the plaintiff asked him how the accident happened; nor that he replied, that he supposed it was through his carelessness. For the purpose of contradicting E., the plaintiff testified, subject to exception, that E. did so state to him at the interview. Verdict for the plaintiff.

*Marston & Eastman* and *Leavitt*, for the defendant.

*Wiggin & Fernald* and *O. C. Bartlett* (of Massachusetts), for the plaintiff.

SMITH, J.   The non-employment of E. as a driver after the accident was a fact which, unexplained, might tend to show an admission by the defendant that he was careless, or incompetent for that business.   The evidence was competent, but how much weight it deserved was for the jury to determine.

If evidence that the transom-bolt was broken had no tendency to show that the defendant was guilty of negligence in not providing a suitable carriage, it was simply immaterial, and we do not see that it improperly influenced the jury.

The subject-matter of the conversation between the plaintiff and E., the defendant's servant, was not collateral or irrelevant to the issue.   If he had been sent by the defendant to the plaintiff with authority to inform the latter that the former would " make it right with him " when he should recover, it would have been evidence of an admission by the defendant that the plaintiff's injuries were caused by the defendant's fault.   It was therefore relevant and material to inquire whether the witness had made such a statement.   1 Gr. Ev., *s.* 419.   If a witness does not remember, or denies, saying that which is imputed to him, evidence may be given that he did say it, provided it is relevant to the matter in issue. *Crowley* v. *Page,* 7 C. & P. 789; *Nute* v. *Nute,* 41 N. H. 60; *Sanderson* v. *Nashua,* 44 N. H. 492.   The testimony of the plaintiff that the witness did make the statement imputed to him was not received for the purpose of showing that the defendant authorized the witness to make the statement.   If the jury should find that the statement was made as claimed by the plaintiff, still it was only the naked statement of a witness made out of court, and not in the presence of the other party.   Evidence that he had authority to make the statement would be wanting.   .The plaintiff was permitted to contradict the witness for the purpose of weakening his testimony.   So, also, the fact whether E. was careless was a material fact, and therefore evidence to contradict him was admissible.   If he made the statement imputed to him, the fact that he denied it or had forgotten it, when cross-examined, might detract from the weight to be given to his testimony, and for this purpose alone it was admissible.

*Exceptions overruled.*

FOSTER, J., did not sit: the others concurred.