Strafford,
March 5, 1940. } No. 3138.

ROLAND S. PIKE *v.* GEORGE GAGNE, JR.

*Hughes & Burns* (*Mr. Burns* orally), for the plaintiff.

*William H. Sleeper* (by brief and orally), for the defendant.

PAGE, J. The plaintiff was employed by the defendant as a farm-hand in 1938. His duties included helping to hay and to stow the hay in the barn. While so employed, the plaintiff preceded a load of hay into the barn and climbed a ladder with the purpose of getting onto the mow.

It could be found that the ladder had been set there for such use under the direction of the defendant, that it was placed perfectly

upright, and that the plaintiff had held it while a fellow-servant tied it for security to a post, the rope being applied at a point some distance below the top of the ladder.

When the plaintiff neared the top of the ladder and grasped the next to the last rung, a piece of the right-hand rail broke away, the plaintiff was thrown to the barn floor, and he suffered the injuries for which he seeks to recover. The piece stripped away extended from the top of the rail a distance of four feet or more downward. At the top, the portion torn away comprised about two-thirds of the depth of the rail and its full width. From there the sliver graduated to zero at the lower end. It freed the rung which the plaintiff had grasped, and thus his fall was caused.

Examination of the ladder disclosed that the split began with an old weathered check or crack extending from the top of the rail a distance of nine inches. In this crack appears a transverse groove which might be thought to have been made by a nail driven through the side of the rail, thus in some degree, if not solely, having started the crack. It could have been found that the defect would have been known to the defendant if he had made a reasonable inspection of the ladder. Such a defect could have been remedied by the use of stove bolts or by winding with wire. The former method, and inferentially the second, were known to the defendant.

It could also be found that the plaintiff was justifiably ignorant of the flaw. He had never before climbed so high on the ladder. He was under no duty to inspect as a matter of law, and might be found to have relied reasonably upon the assumption that the defendant would furnish a sound ladder for his use. *Thompson* v. *Bartlett*, 71 N. H. 174; *Lucas* v. *Pietkevich*, 87 N. H. 148; *Perreault* v. *Company*, 87 N. H. 306. The defect, though not obvious, was old and of such a nature that it could be found that the defendant ought, while the plaintiff ought not, to have known of its existence and of the consequent danger.

It follows that the trial court properly submitted to the jury the issues of assumption of risk, of contributory negligence, and of the defendant's duty to furnish a reasonably safe work-place and appliances, also of the defendant's duty to caution the plaintiff as to the danger.

Since there was evidence that the ladder should have been tied in a different way than was adopted, the trial justice submitted the issue whether the defendant made and enforced suitable regulations regarding that matter. But there was nothing to suggest the prob-

ability that the fellow-servant could safely have climbed the ladder to execute a regulation for tying the ladder at the top. The chances are that he would have fallen in the attempt, for the same reason that the plaintiff did. The proposed rule would have been impracticable and negligent in view of the condition of the ladder. That condition, not the way the ladder was secured, was the efficient cause of the plaintiff's injuries.

The only evidence that the fellow-servant was incompetent lies in the fact that it could be found that his method of tying the ladder was insufficient. At most it was evidence of a single act. While it might, if done under the eye of the defendant, and if negligent, charge the defendant with negligence in knowingly permitting it, it is not enough to charge him with negligence in assigning to the act a servant who as far as appears had never before shown any sign of incompetence. There is no evidence that the servant was incompetent when employed, and the discovery of the servant in a negligent act without dismissing him would not be the cause of the plaintiff's injuries, which, on the assumption of the defendant's knowledge, flowed from the defendant's permitting the ladder to be insecurely fastened and so to remain, and not from negligence in keeping the servant in employment. The issue was improperly submitted. *Hilton* v. *Railroad*, 73 N. H. 116.

The defendant's contention that the plaintiff must be found chargeable with contributory negligence as a matter of law, because the ladder was old, because the holes for the rungs had cut the grain of the rail, because the ladder was vertical and hard to climb, raised questions for the jury and not for the court. The further point that it was careless for the plaintiff to put extra strain on the ladder by leaning back to throw his fork onto the mow does the defendant no service. The fork was thrown when the plaintiff was several rungs below the one that gave way, and below the lowest part of the break. The insistence of counsel on the point has no evidence at all to support it.

Of the several questions of evidence raised by the transfer, only one is likely to cause trouble at the next trial. Upon cross-examination the plaintiff was asked whether while he was in the hospital he told the defendant that he did not blame him for the accident. He denied that he made any such statement. Later the defendant testified that the plaintiff while in the hospital said " 'I'm not to blame and you're not to blame, . . . none of us, it's simply an accident.' " On motion of the plaintiff, this testimony was stricken from

the record, the jury were told to disregard it, and the defendant excepted.

The plaintiff's denial did not relate to a merely collateral matter and did not bind the defendant. *State* v. *Hersom,* 84 N. H. 433. The defendant's testimony was admissible in contradiction upon the issue of the plaintiff's credibility. *Martin* v. *Towle,* 59 N. H. 31, 32. The defendant wished to go further and use it as proof of an admission by the contrary party. It could be so used to the extent that it might be found to involve the plaintiff's knowledge of facts upon which the defendant's liability or want of liability might be predicated. It was subject to such explanatory evidence of the plaintiff's knowledge when making the utterance as would serve to show what force, if any, the utterance had. Within that limitation, it was admissible. *Barker* v. *Barker,* 16 N. H. 333; *Nealley* v. *Greenough,* 25 N. H. 325; *Baker* v. *Haskell,* 47 N. H. 479.

*New trial.*

All concurred.