Albert C. PETERMAN, Plaintiff,
Appellant,

v.

INDIAN MOTORCYCLE COMPANY
et al., Defendants, Appellees
(two cases).

Nos. 4860, 4861.

United States Court of Appeals
First Circuit.

Oct. 28, 1954.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

Nathan Fink, Boston, Mass., for appellant.

Rupert L. Mapplebeck, Boston, Mass., for Indian Motorcycle Co. Robert W. Cornell, Boston, Mass., for Indian Sales Corp.

MAGRUDER, Chief Judge.

The appeal in No. 4860 is from a judgment for the defendants entered May 27, 1954, in accordance with a jury verdict in a personal injury case, and from a subsequent order of the district court denying a motion for a new trial duly filed within ten days after the entry of said judgment. Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Laying aside the merits of the appeal for later discussion, we have no doubt that the notice of appeal in this case was procedurally appropriate. It may perhaps be helpful to make some brief comment on the procedure involved:

Sometimes the losing party makes a motion for a new trial prior to the entry of judgment on the verdict. If the trial court denies the motion and then enters judgment, the order denying the motion for a new trial is an interlocutory order and as such is not appealable. 28 U.S.C. §§ 1291, 1292. But if the district court commits error of law in denying such motion for a new trial, such error necessarily infects the ensuing judgment entered in accordance with the verdict. Hence the losing party suffers no detriment through his inability to appeal from the interlocutory order denying a new trial, for his

assertion of error will be presented to the appellate court by the taking of an appeal from the final judgment.

■ On the other hand, sometimes the losing party makes a motion for a new trial *after* the entry of judgment on the verdict—which was the case here. Of course, if such a motion is granted, the district court must of necessity vacate the judgment previously entered. In so far as such motion is based upon alleged errors which entered into and infected the judgment—as, for instance, alleged erroneous rulings at the trial or in instructions to the jury— it is not necessary for the complaining party to appeal separately from the order denying the motion for a new trial, for the filing of a timely notice of appeal from the final judgment will bring up such questions for review. In so far as the motion for a new trial, filed within ten days after the entry of judgment, presents some new matter which was not before the court at the time it entered the judgment—for instance, if the motion is based upon newly discovered evidence, or upon allegations of jury tampering, or allegations of misconduct of jurors in the course of the trial—then if the aggrieved party wishes to present to the appellate court the contention that the trial court erred as a matter of law in denying the motion for a new trial, he cannot do so by appealing from the final judgment alone; he must file a notice of appeal from the subsequent order denying the motion. This he may do, for such order of denial, after entry of judgment, amounts to a decision to let the judgment stand as previously entered, and since nothing further remains to be determined in the cause, the order of denial is a "final decision" within the meaning of 28 U.S.C. § 1291. See Ekberg v. United States, 1 Cir., 1948, 167 F.2d 380, 383.

As already indicated, in No. 4860 appellant filed a notice of appeal both from the final judgment of May 27, 1954, entered pursuant to the verdict, and from the subsequent order of June 4, 1954, denying the motion for a new trial filed June 1, 1954.

■ The notice of appeal in No. 4861 is from an order of July 13, 1954, in which the district court denied a so-called Supplemental Motion for New Trial filed the same day. This motion was untimely, unless it could be considered as a motion under Rule 60(b). Besides that, the motion, if granted, would have required the district court to vacate the judgment for the defendants entered May 27, 1954. But on July 13, 1954, the district court no longer had control over that judgment, since the plaintiff had filed his notice of appeal therefrom on June 21, 1954, and the case was pending within the exclusive jurisdiction of the Court of Appeals. See Midland Terminal Ry. Co. v. Warinner, 8 Cir., 1923, 294 F. 185, 188; Walleck v. Hudspeth, 10 Cir., 1942, 128 F. 2d 343, 344; Bergeron v. Mansour, 1 Cir., 1945, 152 F.2d 27, 31, 34. And see also the discussion in United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F.2d 453. The appeal in No. 4861 is therefore wholly abortive, and will have to be dismissed. Of course the Supplemental Motion for New Trial, and the district court's action thereon, cannot properly be considered as part of the record on appeal in No. 4860, for these are further proceedings in the district court, occurring after the filing of the notice of appeal had deprived the district court of jurisdiction over the final judgment under review in that case.

Coming then to the merits of No. 4860, we have concluded that none of the points raised by appellant are well-taken.

The case presented by the plaintiff was as follows: Defendant Indian Motorcycle Company, a Massachusetts corporation, manufactured or assembled a new motorcycle, which it sold to the codefendant, Indian Sales Corporation, a Delaware corporation 25 per cent of the common stock of which was owned by the first-named defendant, and which at the relevant dates was sole distrib-

utor of motorcycles manufactured by Indian Motorcycle Company. Indian Sales Corporation subsequently sold the motorcycle in question to the City of New York. Plaintiff, a policeman in the City of New York, had occasion to use the motorcycle in the course of his official duties.

According to the plaintiff's testimony, he was so operating the motorcycle on April 18, 1951, at which date the vehicle had been driven only about 1600 miles; that while he was proceeding along a New York street at a speed of approximately 20 or 25 miles an hour, the motorcycle without warning "fell apart", causing him to be thrown into the roadway and injured. Since the plaintiff was an interested party, on whom rested the burden of proof, his testimony as to the circumstances of the accident, even though the defendants were not in a position to contradict it, need not necessarily have had to be believed by the jury: the credibility of his version of the accident presented a question of fact for the jury. The defendants of course were liable only if some negligent act or omission on their respective parts proximately caused the injuries complained of. If the plaintiff's testimony were credited by the jury, the very circumstances of the accident might have warranted an inference of negligence, at least on the part of defendant Indian Motorcycle Company, upon the doctrine of *res ipsa loquitur;* but even here, such inference would not be a compelled one, but only one which the jury, as trier of the fact, would be permitted to draw if it were so persuaded on the balance of probabilities. See Sweeney v. Erving, 1913, 228 U.S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815.

Furthermore, the plaintiff was not content to rest on the foregoing generalized inference of negligence, but undertook more specifically to establish that the collapse of the motorcycle was caused by a discoverable defect in a certain bracket which held the front wheel assembly to the rest of the motor-

cycle, a broken piece of which bracket was picked up in the street after the accident. This contention was the subject of conflicting expert testimony. The credibility of the testimony of the plaintiff's expert on this aspect of the case was considerably shaken on cross-examination, or at least the jury might not unreasonably have so concluded. On the testimony, the jury were not obliged to find that the accident was caused by the breaking of a defective bracket, but on the contrary might have inferred that maybe the break in the bracket was caused by the accident, especially if they did not affirmatively believe the plaintiff's testimony as to the circumstances of the accident.

The plaintiff did not ask, and indeed would not have been entitled to ask, for a directed verdict in his favor on the issues of liability. The trial judge submitted the case to the jury under instructions as to which appellant now makes no objection, except as to one detail dealing with the measure of damages. The error, if it was an error, as to a single item of damages, was washed out by the verdict of the jury, which found that the defendants were not liable at all; thus the jury never reached the point of considering the amount of damages to be awarded. This particular point solemnly urged on appeal is utterly frivolous.

On the state of the record, as above outlined, we cannot say that the trial court committed an abuse of discretion in denying the motion for a new trial, in so far as that motion was based upon the ground that the verdict of the jury was so "decidedly against the evidence" as to shock the conscience. Under our jury system, reasonably disputable issues of fact are to be resolved by the jury, and if a case is properly submitted to the jury's determination, the losing party is not entitled as a matter of right to have a second chance upon a new trial before a different jury, even though the evidence submitted would have warranted the opposite ver-

dict, and even though the trial judge, had he been sitting without a jury, might have found the facts the other way. This is so even in the case of a verdict for a defendant corporation in a personal injury case. It is only in an extreme and unusual case that an appellate court would be justified in concluding that the trial judge committed an abuse of discretion in refusing to grant a new trial on this particular ground.

Finally, and this is perhaps appellant's main reliance, it is asserted that the trial judge committed error in denying the motion for a new trial upon another ground set forth in the motion, namely, that certain information, discovered since the trial, disclosed the mental unfitness of the foreman of the jury, whose condition, if it had been known at the time the jury was being impaneled, would have been a ground for disqualification. The trial judge fully and fairly heard the plaintiff on this ground of his motion for a new trial. Testimony as to the alleged mental condition of this juror was not received, but the judge asked counsel for the plaintiff to make an offer of proof of what he expected to be able to show in this regard. After counsel made such offer of proof, the trial judge concluded that it would not be necessary to hear the testimony, since the judge was not satisfied that the offer of proof, taken at its face value, presented a sufficient ground for impeaching a verdict once returned.

■■■ The offer of proof was to the general effect that the juror in question, because of his mental disturbance, has been receiving disability compensation from the Veterans Bureau, that he has difficulty in sleeping and concentrating; that his memory is not good;

that he has had depressed periods during which he entertained the idea of suicide; that he has had to undergo treatment for anxiety reaction to a psychic episode expressed by auditory hallucinations; that he has been under the care of a psychiatrist for an extended period, with little prospect of an early overcoming of his difficulties. The district judge observed that when the jury was being selected, the man in question was asked if he knew any of the counsel in the case, to which he replied that he knew counsel for the plaintiff, who, however, disavowed any recollection of having met him. Other than that there was no special attention paid to the particular juror, and no objection was made to him by either side or by the judge. Further, the judge observed that during the somewhat extended trial the foreman's conduct appeared to him to have been unexceptionable, and that his scrutiny of the jury throughout the case gave him no reason whatsoever to suppose that the juror in question was not in every way qualified to be on the jury and to be its foreman. Referring to the inadequacy of the offer of proof, the judge commented that it contained no suggestion that the juror was insane or had at any time been confined in a sanitarium "or so incapacitated that he did not perform as adequately as many people do ordinary occupational tasks." Considering the strong policy against the too-ready impeachment of jury verdicts on the basis of such afterthoughts suggested by a disappointed litigant, we think that the trial judge cannot be held to have abused his discretion in declining to grant a new trial on this ground.

In No. 4860 the judgment and order of the District Court are affirmed. In No. 4861 the appeal from the order of the District Court is dismissed.