Isadore **ABERLIN**, Plaintiff, Appellant,

v.

James **ZISMAN** et al., Defendants, Appellees (two cases).

Nos. 5218, 5222.

United States Court of Appeals First Circuit.

Heard May 8, 1957.

Decided May 21, 1957.

Dora Aberlin, New York City, with whom Richard L. Wilder, Boston, Mass., was on the brief, for appellant.

James Zisman, Roxbury, Mass., pro se and for Lenore Zisman, appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This case arose out of an unfortunate family squabble. Federal jurisdiction was invoked on diversity of citizenship. The complaint charged that defendants, on April 1, 1955, committed a tort to the plaintiff under the law of New York in that defendants abducted plaintiff's minor daughter from his lawful custody in New York and transferred the girl without plaintiff's assent to Massachusetts. Plaintiff demanded judgment in the sum of $250,000. The district court left the case to the jury, which returned a verdict for defendants. On December 6, 1956, the district court entered judgment for defendants in accordance with the verdict. On December 14, 1956, plaintiff filed his motion for a new trial. The pendency of this motion, undisposed of, temporarily terminated the appealability of the judgment. See Rule 73(a), F.R.Civ.P., 28 U.S.C.A.; Denholm & McKay Co. v. Commissioner, 1 Cir., 1942, 132 F.2d 243, 247. See also R. F. C. v. Mouat, 9 Cir., 1950, 184 F.2d 44, 48. Therefore, plaintiff's notice of appeal from this judgment, filed December 17, 1956, was premature and a nullity, and this appeal (No. 5218) will have to be dismissed for lack of jurisdiction. On December 26, 1956, the district court entered an order denying plaintiff's motion for a new trial, and plaintiff filed a separate notice of appeal (No. 5222) from this order. Such an order is appealable, as we explained in Peterman v. Indian Motorcycle Co., 1954, 216 F.2d 289; and on such appeal appellant is free to assert any alleged errors which entered into and infected the judgment, the existence of which errors would make it an abuse of discre-

tion for the district court to deny the motion for a new trial. The appeal in No. 5222 is thus properly before us.

Selma Aberlin, a resident of Massachusetts, was plaintiff's wife, and the girl, Dorothy Gail Aberlin, was born of that marriage. By decree of the Probate Court, County of Suffolk, Commonwealth of Massachusetts, entered May 15, 1953, Selma, the mother, was granted a divorce from her husband and was awarded custody of the minor child. The father was ordered by the decree to pay $25 weekly for the child's support. Subsequently, the father moved to New York and established his residence in that state. The mother, not being well and being on the verge of a nervous breakdown, asked the father to take care of the girl, and the child was physically transferred to New York City to live in an apartment occupied jointly by the father and by his sister Gertrude Aberlin. For a short time the mother, who had gone to New York, received treatment at the Bellevue Hospital. Later, at the instance of her sister Lenore A. Zisman and of her brother-in-law James Zisman, the latter two being the defendants herein, the mother was brought back to Massachusetts; and for a time the mother was legally committed to the Boston State Hospital.

While this commitment was outstanding, the Probate Court for Suffolk County on March 25, 1955, entered a decree awarding temporary custody of the minor child to her aunt Lenore Zisman. It is claimed that this decree was void for lack of notice to the father.

At any rate, armed with this decree defendant James Zisman journeyed to New York, found the little girl at school and persuaded her to accompany him back to the home of the two defendants in Stoughton, Mass., where she stayed for several months. There was no evidence that this removal was accomplished by the use of any force or fraud practiced upon the girl, who testified that she went willingly and that her life with her aunt and uncle was a happy one. On the other hand, it is clear that the father had no advance knowledge of this planned removal and did not give his consent thereto. Eventually the mother was released from commitment, and the Probate Court took appropriate action to restore the original provision of the divorce decree awarding legal custody to the mother.

It is claimed by appellant that, when the mother was committed to the Boston State Hospital, the divorced father, by the common law, became automatically vested with lawful right of custody of his child. In support of this proposition appellant cites Barry v. Sparks, 1940, 306 Mass. 80, 83, 27 N.E.2d 728, 731, 128 A.L.R. 983. In that case, after a decree of divorce had been entered awarding custody of the child to the mother, the mother subsequently died, and the Massachusetts court said that the divorce decree ceased to have any further continuing effect, "at least when, as here, the decree makes no provision for its continuance beyond the lives of the parents"; with the result that after the death of the mother the rights and obligations of the father with respect to his minor child "are those of a surviving parent, unaffected by the decree which had been entered in the divorce proceedings." That case is obviously inapplicable here, where the mother did not die but at most suffered a transitory period of incompetency.

It seems clear to us that the fact of such temporary incompetency merely gave ground for an application to the Probate Court for a modification of the decree awarding custody to the mother; but it does not follow that the divorced father necessarily would be found by the court to be an appropriate custodian of the child. In King v. King, 1935, 243 App.Div. 780, 277 N.Y.S. 653, 654, subsequent to a decree of divorce awarding custody to the mother she became incompetent; and the divorced father applied to the court for an order modifying the divorce decree as to custody. The court was of opinion that, under the circumstances then existing, "the

father should have the custody of the children during the mother's incompetency," and so provided by an order changing the terms of the divorce decree. But clearly, until the father did so apply and so obtain a court order, he did not, by the New York law, become automatically vested with the custody of his children.

In an effort to establish that by the law of New York what the defendants did here amounted to a tort, appellant places great reliance upon Pickle v. Page, 1930, 252 N.Y. 474, 169 N.E. 650, 72 A.L.R. 842. In that case the plaintiffs, who were grandfather and grandmother of the child, had legally adopted him upon his abandonment by his mother. Being therefore lawfully entitled to the custody of the child, it was held that the foster parents could sustain an action for damages for injury done to their feelings by reason of the abduction of the child, without the necessity of alleging or proving loss of service. That case is of no help to the plaintiff here, where the father was not the lawfully appointed guardian of the child. If, as plaintiff asserts, the Probate Court's decree awarding temporary custody to the defendant Lenore Zisman was void, the result would be that there was, at the time of the alleged tortious acts, an unmodified decree of divorce dated May 15, 1953, awarding custody of the child to the mother.

At the close of the evidence, defendants moved for a directed verdict which the District Court reserved under Rule 50(b), F.R.Civ.P. Even if the jury had returned a verdict for the plaintiff, it seems that the District Court would have been required on the uncontradicted facts of the case to enter judgment for the defendants n. o. v. As it turned out the jury brought in a verdict for the defendants upon which judgment was entered, and we find no reversible error.

A judgment will be entered dismissing the appeal in No. 5218 and affirming the order of the District Court in No. 5222.