Finbar F. CREEDON, p.p.a., et al., Plaintiffs, Appellants,

v.

Robert B. LORING et al., Defendants, Appellees.

No. 5248.

United States Court of Appeals First Circuit.

Nov. 27, 1957.

Charles J. Wilkins, Boston, Mass., with whom Leo P. Doherty, Boston, Mass., was on brief, for appellants.

Donald R. Bryant, Dover, N. H., for Bernie G. Sparks, Jr., appellee.

Paul E. Nourie, Manchester, N. H., for Robert B. Loring, appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

These were complaints, involving personal injuries received in a highway collision, filed in the federal court on grounds of diversity of citizenship. The plaintiff was John J. Creedon, individually and as father and next friend of the minor Finbar F. Creedon. The accident occurred at Ossipee, New Hampshire, on route 16. Defendant Sparks was an independent contractor who at the time was working for the State of New Hampshire in plowing out the snow falling on route 16. Defendant Loring, his superior, was a highway patrolman of the State of New Hampshire, also engaged in salting and plowing out the highway. Sparks, proceeding on the right side of the highway in a southerly direction, met Loring coming north on the same highway. According to defendants' evidence, Loring signaled to Sparks to stop, as Loring wished to transfer a helper from his truck to that of Sparks, according to prearrangement; the trucks passed each other and came to a stop about 150 feet apart, each on its right side of the highway. To make out a case of negligence by the two defendants, plaintiffs' evidence was that the two trucks stopped abreast of each other, effectively blocking the highway.

At this time Finbar F. Creedon, accompanied by three friends, Toomey, Moores, and Martens, was driving his car in a southerly direction on route 16, on his way back to Somerville, Massachusetts, after having spent the New Year's week-end in North Conway, New Hampshire Creedon entered a long curve to his right and saw the two trucks quite a distance ahead, 450 or 500 feet away, according to his own testimony. He applied his brakes on a down grade and went into a skid. He said that he let up on the brakes, and reapplied them shortly before the collision, but nevertheless skidded into the parked truck operated by defendant Sparks. Though the Sparks truck, with contents, weighed about ten tons, Creedon smashed into its rear with such force as to move the truck ahead some fifteen feet. In this collision Creedon received the personal injuries complained of.

There was some conflict of testimony as to the speed of Creedon's car at the time he put on the brakes. The state trooper, Hayes, who investigated the accident, testified that under the prevailing conditions Creedon should not have been driving at a speed of over 25 miles per hour.

In addition to denying any negligence, the defendants also defended on the ground that Creedon was guilty of contributory negligence by reason of excessive speed, failure to keep a proper lookout, failure properly to apply the brakes, and in other particulars.

The jury, to whom the two cases were submitted, returned verdicts for both defendants, and immediately thereafter, on June 28, 1956, the district court entered judgments for defendants in accordance with such verdicts. Plaintiffs filed a motion for a new trial, which the district court, with an accompanying memorandum, denied on February 15, 1957.

Plaintiffs in each case filed a notice of appeal "from the order of the United States District Court for the District of New Hampshire, denying plaintiffs' motion for a new trial entered in this action on February 15, 1957."

After the briefs on the merits were filed in this court, appellees moved to dismiss the appeal for lack of jurisdiction, "since the appeal was taken from the denial of the plaintiffs' motion for a new trial, and was not taken from the judgment entered in said action." We withheld disposition of this motion until the case was heard on the merits.

The motion to dismiss must be denied. It is founded on a pure technicality. Under Rule 73(a), F.R.Civ.

P., 28 U.S.C., the running of the time for an appeal from the judgments of June 28, 1956, was tolled by the timely filing of the motion for a new trial; and the full time of thirty days for the taking of an appeal from the judgments "commences to run and is to be computed from the entry" of the order denying the motion for a new trial. In United States v. Best, 1 Cir., 1954, 212 F.2d 743, 744, 745 n., we said the following:

"After the entry of the original judgment of June 10, 1953, the United States on June 19, 1953, filed a timely motion for rehearing and for amendment of the judgment so as to allow the greater sums by way of interest. This motion for rehearing was denied by order of the district court on December 9, 1953. Plaintiff's notice of appeal, filed February 4, 1954, purported to be an appeal from the order of December 9, 1953, denying the motion for rehearing, rather than from the original judgment of June 10, 1953. But when a motion for rehearing is seasonably filed and entertained by the court, the time limited for appeal does not begin to run until the motion is disposed of. See Denholm & McKay Co. v. Commissioner, 1 Cir., 1942, 132 F.2d 243, 247. It is expressly so provided in Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The common explanation for this well-settled rule is that when such a timely motion for rehearing is filed, the judgment does not take final effect for purposes of appeal until the motion is disposed of. Strictly, we think, the appeal should have been taken from the original judgment of June 10, 1953, not from the order denying the motion for rehearing. But appellant's intention is clear enough, and we treat the notice of appeal as intended to bring up for review the correctness of the original judgment. Appellees suffer no prejudice in this treatment, since the time for taking an appeal from the judgment of June 10, 1953, did not begin to run until December 9, 1953, when the order was entered denying the motion for rehearing. The appeal filed on February 4, 1954, was therefore timely."

Furthermore, as we pointed out in Peterman v. Indian Motorcycle Co., 1 Cir., 1954, 216 F.2d 289, 291, where the losing party makes a motion for a new trial after the entry of judgment on the verdict, the order denying such motion amounts to a decision to let the judgment stand as previously entered, and since nothing further remains to be determined in the cause, the order of denial is a "final decision" within the meaning of 28 U.S.C. § 1291. Therefore it was technically possible, as the plaintiffs did here, to appeal from the order denying a new trial. See Aberlin v. Zisman, 1 Cir., 1957, 244 F.2d 620, 621. If the motion for a new trial was based upon alleged errors at the trial which entered into and infected the judgment, the denial of the motion would be deemed an abuse of discretion if, in our view, any of the points were well taken. However, we suppose that appellees are right in contending that upon an appeal from an order denying a new trial, appellant must be limited to urging the alleged errors on which the motion for the new trial was based; it is not open to appellant to urge other alleged errors at the trial which might have been presented on an appeal from the original judgment itself.

On the merits, we are clearly of opinion that the orders appealed from must be affirmed. Under the admitted circumstances of the accident, it is pretty clear that the jury might have come to the conclusion that Creedon was guilty of contributory negligence, even if they believed that the defendants were guilty of negligence as charged. It would be useless to send this case back for a new trial. As we said in Peterman v. Indian Motorcycle Co., supra, 216 F.2d at pages 292–293:

"Under our jury system, reasonably disputable issues of fact are to be resolved by the jury, and if a case is properly submitted to the jury's determination, the losing party is not entitled as a matter of right to have a second chance upon a new trial before a different jury, even though the evidence submitted would have warranted the opposite verdict, and even though the trial judge, had he been sitting without a jury, might have found the facts the other way."

The rulings by the trial judge complained of by appellants do not seem to us to have been wrong; and in any event they were mostly of a trivial nature.

■ Right after the accident, State Trooper Hayes interviewed young Moores, who was accompanying Creedon, and took down his statements in the presence of young Toomey. Moores made certain damaging statements indicating that Creedon's speed was excessive. After Hayes read back his statement to Moores and Toomey, Toomey remarked that he had just heard what Moores had said; that that was "just what happened" and that he couldn't add anything to it. When Toomey testified at the trial, the defendants, to challenge Toomey's credibility, and to contradict certain of Toomey's testimony, were permitted to introduce the testimony of the witness Hayes as to what Moores had told him in the circumstances above related. Such testimony was admitted, as the court repeatedly told the jury, solely on the issue of Toomey's credibility, and not as affirmative evidence of any facts stated by Moores to have occurred. There was no abuse of discretion in letting in the evidence. See Martin v. Towle, 1879, 59 N.H. 31, 32; Doyle v. Lacroix, 1931, 85 N.H. 247, 15 A. 75.

■ Objection is made that the trial judge committed prejudicial error in permitting a member of the New Hampshire Highway Department to sit on the jury, in view of the fact that one of the defendants was a state highway patrolman. It seems that, after the regular panel of prospective jurors had been exhausted, the marshal was required to go out to the street to obtain further talesmen. One of the talesmen so brought in was a designing draftsman in the New Hampshire Highway Department. He was carefully examined by the trial judge and stated that he had no knowledge of the case and could render a fair verdict. The judge admitted him as one of the twelve jurors. In this respect there was no abuse of discretion. See Frazier v. United States, 1948, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187; Dennis v. United States, 1950, 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734; State v. Sawtelle, 1891, 66 N.H. 488, 32 A. 831.

■ Appellants also assert that the trial judge was in error in withdrawing from the jury any issue involving the claim that the defendants were guilty of willful and wanton misconduct, a species of fault equivalent to a willful and intentional wrong which would render a defendant liable even though the plaintiff had been guilty of contributory negligence. See Lee v. Chamberlin, 1929, 84 N.H. 182, 183, 148 A. 466. There was not the slightest evidence from which a jury would have been warranted in inferring that the defendants were guilty of this higher category of fault, so that there was no error in this respect.

Certain other errors are alleged, which would have been relevant had appellants taken their appeal from the original judgments of June 28, 1956, but which were not urged in the motion for a new trial. We suppose that these matters are not properly before us. Anyhow, we have given them consideration, and if we had to rule on them we would hold that they did not constitute reversible error.

A judgment will be entered affirming the orders of the District Court.