Lenore FOMAN, Plaintiff, Appellant,

v.

Elvira A. DAVIS, Executrix, Defendant, Appellee.

No. 5808.

United States Court of Appeals
First Circuit.

June 26, 1961.

Rehearing Denied Aug. 17, 1961.

Henry N. Silk, Boston, Mass., with whom Guterman, Horvitz & Rubin, Boston, Mass., was on brief, for appellant.

Roland E. Shaine, Boston, Mass., with whom Brown, Rudnick, Freed & Gesmer, Boston, Mass., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

Plaintiff in the instant case appeals from a judgment of the United States District Court for the District of Massachusetts entered following the allowance of defendant's motion to dismiss and from orders of the district court denying plaintiff's motion to vacate judgment and to amend her complaint.

The action involves an oral agreement between the plaintiff, Lenore Foman, and her father, Wilbur W. Davis, the decedent, by which decedent agreed to refrain from making a will and to die intestate and plaintiff agreed to assume and pay all expenses for the care and maintenance of decedent's wife who was also the plaintiff's mother. Under the alleged agreement, plaintiff would receive a child's share according to the laws of intestacy of the Commonwealth of Massachusetts. Plaintiff alleged the making of this oral agreement and her subsequent fulfillment of her obligations under it. Plaintiff alleged that her father, in breach of the agreement, executed a Last Will and Testament, duly allowed in the Probate Court for the County of Middlesex, by which he devised and bequeathed virtually all of his estate to defendant, who was his second wife, and bequeathed nothing to the plaintiff. This suit was brought against Elvira A. Davis, decedent's widow and executrix.

Defendant filed an answer which denied the making of such agreement and set up various defenses, among them, the bar of the statute of frauds. Defendant on the same day also filed a motion to dismiss the action.

The district judge granted the motion to dismiss on the ground that the action on the oral contract was barred by the Massachusetts statute of frauds and judgment was entered on December 19, 1960.

On December 20, 1960 plaintiff filed a motion to vacate the order granting defendant's motion to dismiss and the judgment thereon in order to permit plaintiff to file a motion to amend her complaint by adding a second cause of action for monies paid and services rendered for and on behalf of the decedent. Plaintiff at the same time filed a motion to so amend and attached the proposed amendment.

On January 17, 1961 plaintiff filed a notice of appeal from the judgment entered December 19, 1960. Subsequently on January 23, 1961 the district court held a hearing on plaintiff's motions of December 20, 1960 and denied each motion. A notice of appeal from the denial of these motions was filed by plaintiff on January 26, 1961.

Preliminarily there is a question of what is properly before us on appeal. A motion under F.R.Civ.P. 59(e), 28 U.S. C.A., to alter or amend the judgment terminates the running of the time for taking an appeal. See Rule 73. However, a motion under Rule 60(b) does not affect the finality of a judgment or suspend its operation. The plaintiff's motion seeking the vacating of the dismissal order and judgment does not designate the rule under which it is brought. If the motion to vacate the dismissal order and judgment thereon is construed as one under Rule 59(e), then the appeal taken on January 17, 1961 from the judgment entered on December 19, 1960 was premature, since the running of the time for appeal is terminated by a timely motion under Rule 59(e) and the motion had not yet been disposed of by the district court. See Rule 73; 7 Moore, Federal Practice ¶73.09[6] (2d ed. 1955). On the other hand, if said motion is construed as an effective Rule 60(b) motion, then the finality of the judgment would not have been suspended and the January 17, 1961 appeal would be properly before us.

■ Although the cases do authorize the vacating of a judgment under both rules in the proper circumstances, Klapprott v. United States, 1948, 335 U. S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266, judgment modified 1949, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099; Patapoff v. Vollstedt's Inc., 9 Cir., 1959, 267 F.2d 863; Kelly v. Delaware River Joint Commission, 3 Cir., 187 F.2d 93, certiorari denied 1951, 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614; 6 Moore, Federal Practice ¶59.12[1] (2d ed. 1953), we believe that the full context of the rules dictates that resort should be made to the procedure under Rule 59 if time for applying for such motions has not expired. Cf. Chicago & N. W. Ry. Co. v. Davenport, D.C. S.D.Iowa, 1951, 95 F.Supp. 469, which is criticized in 7 Moore, Federal Practice ¶60.27[2], p. 306 n. 23 (2d ed. 1955). We are unable to find any case which construed a motion to vacate a judgment made within 10 days of the judgment as a Rule 60(b) motion so that an appeal taken before a disposition of the motion would be timely. Plaintiff's second notice of appeal could have specified the judgment of December 19, 1960. Lacking such reference, we believe that the appeal insofar as the judgment is concerned must be dismissed. See Aberlin v. Zisman, 1 Cir., 244 F.2d 620, certiorari denied 1957, 355 U.S. 857, 78 S.Ct. 84, 2 L.Ed.2d 63.

■ In regard to the contention that the district court abused its discretion in not allowing plaintiff's motions to vacate the judgment and amend her complaint, there is nothing presented by the record to show the circumstances which were before the district court for its consideration in ruling on the motions. We, therefore, cannot say that the district court abused its discretion.

Judgment will be entered dismissing the appeal insofar as it is taken from the district court's judgment entered December 19, 1960; and affirming the orders

of the district court entered January 26, 1961.

## On Petition for Rehearing

HARTIGAN, Circuit Judge.

Plaintiff's petition for rehearing seeks to read into our opinion much broader principles than are justified or were intended. In holding that the second notice of appeal did not bring before us the propriety of the judgment of dismissal we did not intend to overrule or qualify our earlier cases, of which Creedon v. Loring, 1 Cir., 1957, 249 F.2d 714, 716, cited by plaintiff, is an example. In Creedon v. Loring, following the entry of judgment for the defendants upon verdicts of the jury, plaintiffs filed a motion for a new trial. After that motion had been denied, plaintiffs appealed " 'from the order * * * denying plaintiff's motion for a new trial.' " The defendants moved to dismiss the appeal as not having been taken from the final judgment. We denied this motion as "founded on a pure technicality." We pointed out, however, that plaintiffs were limited in their appeal to those alleged errors "on which the motion for the new trial was based; it is not open to appellant to urge other alleged errors at the trial which might have been presented on an appeal from the original judgment itself." Id., at page 717.

Similarly, other circuits have recognized that an appeal from the denial of a new trial may carry back to the judgment in which the errors sought to be rectified by the motion occurred. See, e. g., Cheney v. Moler, 10 Cir., 1960, 285 F.2d 116, 118; Holz v. Smullan, 7 Cir., 1960, 277 F.2d 58. In Donovan v. Esso Shipping Company, 3 Cir., 1958, 259 F.2d 65, 68, certiorari denied 1959, 359 U.S. 907, 79 S.Ct. 583, 3 L.Ed.2d 572, the court said: "A defective notice of appeal should not warrant dismissal for want of jurisdiction where the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice and where the defect has not materially misled the appellee. * * *

For example, an appeal from the denial of a new trial may under exceptional circumstances be treated as an inept attempt to appeal from the judgment which preceded that denial." However, the court went on to say: "While mere technical omissions in the notice of appeal should not deprive appellant of his right of review, where the appeal is taken specifically only from one part of the judgment the appellate court has no jurisdiction to review the portion not appealed from." Id., 259 F.2d at page 68. The notice of appeal in that case specifically sought review of the dismissal of all causes of action "other than that cause of complaint on maintenance and cure." The court held it was without jurisdiction to consider the maintenance and cure question. All of these cases, however, indicate that the determinative element is one of intent, i. e., whether the intent to appeal from the judgment may be reasonably inferred from the notice of appeal.

In the case at bar, following the original judgment of dismissal, plaintiff did not move for review or reconsideration, comparable to a motion for a new trial, but moved for leave to amend the complaint by adding a self-styled "Second Cause of Action," by which she sought substantially less damages, upon a different theory, predicated on the assumption that the dismissal of the first cause of action was in fact correct. This was, by hypothesis, an independent matter. Any error involved in the denial of this motion for leave to amend could relate back in no way to errors which entered into and infected the original judgment. Also, militating against plaintiff's position that the second notice of appeal was intended to be an appeal from the original judgment of dismissal is the factor that plaintiff plainly thought she appealed from that judgment by her first notice of appeal. Now that that notice of appeal has been held premature, plaintiff contends that the second notice of appeal is sufficient. We believe, however, that under the principles of the above-cited cases, plaintiff's second notice of

appeal cannot be said to indicate an intention to appeal from the original judgment of dismissal.

If plaintiff's second appeal was in her mind intended to encompass the old cause of action rather than, or in addition to, the proposed new one, it was deficient not technically, but in substance.

The petition for rehearing is denied.