An order is filed herewith directing defendants to answer the complaint.

Gilbert RADLO

v.

David CHERNACK.

Gilbert RADLO

v.

OVERSEAS COMMODITIES CORPORATION.

Civ. A. Nos. 2736, 2737.

United States District Court

D. Rhode Island.

April 17, 1963.

Gunning & LaFazia, Providence, R. I., Raymond A. LaFazia, and Bruce M. Selya, Providence, R. I., of counsel, for plaintiff.

Temkin & Temkin, Providence, R. I., Jacob S. Temkin, and Samuel A. Olevson, Providence, R. I., of counsel, for defendant.

DAY, District Judge.

These two civil actions by agreement of the parties were tried together to a jury. After a lengthy trial in which a great many exhibits were introduced into evidence the jury returned verdicts in each action in favor of the plaintiff. In Civil Action No. 2736, the verdict was in the sum of $47,519.50; in Civil Action No. 2737, in the sum of $13,701.74.

In the former action the plaintiff seeks damages for the alleged breach by the defendant of an oral agreement between the plaintiff and the defendant that each of them would receive equal salaries for their respective services as officers and employees of Overseas Commodities Corporation. In this action plaintiff's complaint contains a second count sounding in deceit wherein he seeks damages for fraud, contending that said oral agreement was made fraudulently by the defendant. In Civil Action No. 2737, the plaintiff seeks damages for the breach of an alleged oral agreement by the defendant to pay the reasonable cost of his maintenance in Japan as its representative in that country.

At the close of all the evidence, the defendant in each of said actions moved for a directed verdict under Rule 50 of the Federal Rules of Civil Procedure. I reserved decision on these motions and submitted the cases to the jury. In Civil Action No. 2736, although the jury rendered a verdict in favor of the plaintiff on his claim for damages for breach of said alleged oral agreement, it found in favor of the defendant in said second count.

Within the prescribed time, each defendant has moved for the entry of judgment n. o. v. and, in the alternative, for a new trial. In addition, each has moved under Rule 59(e) of the Federal Rules of Civil Procedure to alter the judgment heretofore entered on each of said verdicts in favor of the plaintiff by the deduction from each judgment of the amount of interest allegedly included by the jury in the verdict upon which said judgment was entered.

The motions of the defendants are identical. Each motion for judgment n. o. v. is based upon the ground that the evidence was insufficient in law to form a basis for a verdict in favor of the plaintiff.

The rule is well settled that a motion by a defendant for a judgment n. o. v. presents only the question of law whether when all the evidence is consid-

ered, together with all reasonable inferences which may be drawn therefrom most favorable to the plaintiff, there is a total failure or lack of evidence to prove any necessary element of the plaintiff's case. In passing upon such a motion it is not my province to weigh the evidence. Viewing all the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff in each of these cases, it is abundantly clear that there was not a total failure or lack of evidence to prove any necessary element of the plaintiff's claim in either of these cases. The defendant's motion for judgment n. o. v. in each action is therefore denied.

The grounds for the defendant's motion for a new trial in each action may be summarized as follows: (1) The verdict of the jury therein was against the weight of the evidence and failed to do justice between the parties, (2) The Court committed error in rulings with respect to the admission and exclusion of evidence and in refusing to direct a verdict in favor of the defendant on Count II in Civil Action No. 2736, and (3) The Court erred in certain of its instructions to the jury and in refusing to give certain instructions requested by the defendants.

The rule to be followed by a trial court in reviewing the verdict of a jury is clearly set forth in Tennant, Administratrix v. Peoria & Pekin Union Railway Co., 1944, 321 U.S. 29, at page 35, 64 S.Ct. 409, at page 412, 88 L.Ed. 520, where the Supreme Court held:

"The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusions as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. Washington & Georgetown R. Co. v. McDade, 135 U.S. 554, 571, 572 [10 S.Ct. 1044, 34 L.Ed. 235]; Tiller v. Atlantic Coast Line R. Co., supra [318 U.S. 54], 68 [63 S.Ct. 444, 87 L.Ed. 610]; Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 354 [63 S.Ct. 1062, 87 L.Ed. 1444]. That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

And in Peterman v. Indian Motorcycle Company, 1954, 1 Cir., 216 F.2d 289, at page 292, the Court of Appeals stated the rule as follows:

"Under our jury system, reasonably disputable issues of fact are to be resolved by the jury, and if a case is properly submitted to the jury's determination, the losing party is not entitled as a matter of right to have a second chance upon a new trial before a different jury, even though the evidence submitted would have warranted the opposite verdict, and even though the trial judge, had he been sitting without a jury, might have found the facts the other way. * * * *"

In each of these actions the defendant denied the making of the agreement sued upon. The resolution of this fundamental issue in the light of the contradictory evidence presented by the parties was peculiarly within the province of the jury. The testimony of Messrs. Radlo and Chernack on this crucial issue was in irreconcilable conflict. It was for the jury to determine what were the true facts. In addition, many letters between the parties which related to this issue were introduced into evidence. The reasonable inferences to be

drawn from these letters were likewise for the determination of the jury. After a careful review of the evidence and the reasonable inferences to be drawn from it, I am satisfied that there was ample evidence in the record to support the jury's verdicts, and that they do justice between the parties. In my opinion it would be an unwarranted invasion by me of the right to trial by jury if I were to set aside the verdict of the jury in either of these actions.

Defendants also contend that they are entitled to new trials because I erred in certain rulings admitting or excluding evidence and refusing to direct a verdict for the defendant on Count II in Civil Action No. 2736. In my opinion these rulings were correct and the defendants' contentions are without merit.

Finally, the defendants contend they are entitled to new trials because I erred in certain of my instructions to the jury and in refusing to give certain instructions requested by them. As the record will show, I gave certain of the instructions requested by them and refused to give other instructions, except insofar as they were included in my general charge. There is no requirement that a trial court instruct a jury in the exact language requested by a party. In my opinion, the instructions as given constituted an adequate, fair and correct statement of the law applicable to the issues to be decided by the jury. The defendants' motions for a new trial are denied.

In support of their motions under Rule 59(e) to alter the judgments entered on the verdicts of the jury, the defendants contend that I erred in my instruction that the jury might include in their verdicts interest on any sums found to be due the plaintiff from the date when found to be due until January 1, 1961. In my opinion the instruction as given was correct and in accordance with the law of Rhode Island. Accordingly, the defendants' motions under Rule 59(e) must be and they are denied.