NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1529

ROBERT GENTILE,

Plaintiff-Appellee,

v.

SUN PRODUCTS, INC. and SUN HOCKEY, INC.,

Defendants,

and

JOHN M. GILL,

Defendant-Appellant.

Thomas P. O'Connell, O'Connell Law Office, of Arlington, Massachusetts, for plaintiff-appellee.

John M. Gill, Sun Products, of Minnetonka, Minnesota, pro se.

Appealed from:  United States District Court for the District of Massachusetts

Judge Nancy Gertner

NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2009-1529

ROBERT GENTILE,

Plaintiff-Appellee,

v.

SUN PRODUCTS, INC. and SUN HOCKEY, INC.,

Defendants,

and

JOHN M. GILL,

Defendant-Appellant.

Appeal from the United States District Court for the District of Massachusetts in case no. 1:05-CV-11885, Judge Nancy Gertner.

_____

DECIDED: April 6, 2010

_____

Before MICHEL, <u>Chief Judge</u>, MAYER and LINN, <u>Circuit Judges</u>.

PER CURIAM.

John M. Gill ("Gill") appeals the decision of the United States District Court for the District of Massachusetts denying his motion for a new trial. Because we conclude that the district court did not abuse its discretion by denying Gill's motion, we <u>affirm</u>.

I.   Background

Robert Gentile ("Gentile") is the inventor and owner of U.S. Patent No. 5,722,906 ("the '906 Patent"), which discloses a street hockey ball partially filled with non-toxic

liquid antifreeze. Gentile initiated this action, claiming that Sun Products, Inc. and Sun Hockey, Inc. (collectively "Sun") sold balls that infringe the '906 Patent and induced Franklin Sports, Inc. ("Franklin") to sell infringing balls by executing a licensing agreement with Franklin. Gentile also asserted that Gill, Sun's president and sole shareholder, infringed the '906 Patent by virtue of his control over Sun. Defendants Sun and Gill moved to dismiss the complaint, arguing in relevant part that the doctrine of laches barred the suit and that the court could not hold Gill personally liable for infringement. The district court declined to dismiss the infringement claims and concluded that Gill could be held personally liable for infringement.

Gentile moved for summary judgment of no invalidity and infringement of the '906 Patent. The defendants did not raise any specific objections to Gentile's request for summary judgment of no invalidity. The district court entered summary judgment in favor of Gentile, adopting the validity analysis from an earlier action between Gentile and Franklin, Gentile v. Franklin Sports, Inc., 211 F. Supp. 2d 334 (D. Mass. 2002) ("Gentile I"). In that litigation, the district court concluded that the '906 Patent was not invalid and that street hockey balls sold by Franklin infringed the patent. Gentile and Franklin settled the suit in 2005 before any damages assessment by the district court.

In this case, the court initially declined to grant summary judgment of infringement, but after Gentile moved the court to reconsider its decision, the court invited the parties to submit further briefing on the issue. After reviewing the parties' submissions, the court granted Gentile's motion for summary judgment of infringement. The court concluded that the balls sold by Sun infringed the '906 Patent and that the defendants had induced Franklin to manufacture and sell infringing balls, noting that the

court had already determined in <u>Gentile I</u> that the balls produced by Franklin infringed the '906 Patent. The defendants did not challenge the court's reliance on this finding.

The parties consented to a bench trial on the remaining issues of damages and willful infringement. Before the trial began, Sun and Gill's counsel withdrew, and the court entered a default judgment against Sun after the companies failed to secure new counsel. Gill chose to proceed pro se. After a three day trial, the court found that Gill had either destroyed or withheld records concerning the number of balls Sun had produced. Because of Gill's conduct, the court inferred that Sun had produced 930,221 balls, the number of balls that Franklin, a larger company, had produced in the relevant period. The court concluded that Gentile was entitled to damages for 1,860,442 balls— the sum of the 930,221 balls Franklin produced and the 930,221 balls the court inferred that Sun produced—at a reasonable royalty of $0.34 per ball, for a total of $632,550.28 in damages. The court found that Gill had willfully infringed the '906 Patent and trebled the damages award.

Gill moved for a new trial on numerous grounds, and the district court denied Gill's motion. Gill appeals only the court's denial of the motion for new trial. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II. Discussion

Gill contends on appeal that the district court wrongly decided several of the grounds presented in his motion for a new trial. We address only the issues raised on appeal and do not consider any other issues underlying the district court's judgment. Those issues are not properly before us. <u>Creedon v. Loring</u>, 249 F.2d 714, 717 (1st Cir. 1957) ("[A]n appeal from an order denying a new trial . . . must be limited to urging the

alleged errors on which the motion for new trial was based; it is not open to appellant to urge other alleged errors at the trial which might have been presented on an appeal from the original judgment itself."). Gill argues first that "[t]he long delay in bringing the action should have time barred this case." Gill next contends that the district court's adoption of its findings and analysis in Gentile I was improper because Gill was not aware of that action and did not participate in it. Third, Gill argues that the balls produced by Franklin do not infringe the '906 Patent because the balls contain saltwater and the asserted claim recites a ball containing antifreeze. Fourth, Gill contends that there is no evidence to support the district court's damages award. Finally, Gill contends that the district court did not consider his pro se status when determining whether to treble the damages award. We address each of these arguments in turn.

We review a denial of a motion for a new trial under the law of the applicable regional circuit, here, the First Circuit. Amgen Inc. v. F. Hoffman-La Roche Ltd., 580 F.3d 1340, 1368 (Fed. Cir. 2009). The First Circuit reviews a district court's refusal to grant a new trial for "manifest abuse of discretion." Seahorse Marine Supplies, Inc. v. P.R. Sun Oil Co., 295 F.3d 68, 82 (1st Cir. 2002).

We see no such abuse of discretion here. As for laches, Gill essentially repeats the argument raised in his motion before the district court. The district court considered this argument and concluded that Gentile had a valid excuse for the delay in bringing this action—Gentile was asserting the '906 Patent against Franklin in Gentile I. See Vaupel Texilmaschinen KG v. Meccanica Euro Italia S.P.A., 944 F.2d 870, 877 (Fed. Cir. 1991) ("A patent owner may avoid the consequences of what would otherwise be an unreasonable delay in filing suit by establishing that he or she was engaged in 'other

litigation.'"). Other than a conclusory assertion that Gentile's suit is time barred, Gill makes no argument and points to no evidence that calls into question the district court's acceptance of the Franklin litigation as justification for the delay.

Gill's argument that he was unaware of the Gentile I lawsuit is equally unavailing. As an initial matter, the record belies this contention. During the Gentile I litigation, Franklin brought a third-party claim against Sun, making both Sun and Gill aware of the lawsuit. Regardless of whether Gill knew of the suit or participated in it, Gill had ample opportunity to contest the district court's reliance on its findings in Gentile I and failed to do so. In particular, Gill did not contest the district court's adoption of its finding that Franklin's street hockey balls infringed the '906 Patent. Nor did Gill challenge the district court's adoption of its earlier validity analysis of the patent.

We find no merit in Gill's contention that there was insufficient evidence to support the district court's damages award. Franklin's records established the number of infringing balls that it produced, and the court was forced to estimate the number of balls Sun produced because Gill either destroyed or withheld the relevant records. Gill cannot complain that the court lacked an evidentiary basis for this portion of its damages award when Gill was responsible for destroying or withholding the pertinent evidence. See Beatrice Foods Co. v. New Eng. Printing & Lithographing Co., 899 F.2d 1171, 1175 (Fed. Cir. 1990) ("An infringer can not destroy the evidence of the extent of its wrongdoing and limit its liability to that which it failed to destroy."). Gill also questions whether the damages award improperly compensates Gentile for balls distributed by Franklin that were already the subject of the settlement agreement in Gentile I. The difficulty with this argument is that the district court was never provided any evidence to

show what the settlement in <u>Gentile I</u> covered or how that settlement may have related to the portion of the damages award attributed in this case to Franklin's sales.

Finally, we also find meritless Gill's argument that the district court failed to take his pro se status into account before trebling its damages award. The district court concluded that Gill had willfully infringed the '906 Patent and repeatedly engaged in bad faith litigation conduct, including announcing that he had "no intention[] of giving [Gentile] one dime . . . win, lose[,] or draw"; covering up evidence of Sun's sales of infringing balls; offering trial testimony "ranging from totally evasive to outright misrepresentation"; engaging in dilatory litigation tactics; agreeing to mediate and then failing to appear; and stating that he would obtain counsel for Sun and then declining to do so. While it is true that when determining whether to award enhanced damages all relevant factors "should be given the weight appropriate to their substance," <u>SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.</u>, 127 F.3d 1462, 1469 (Fed. Cir. 1997), on this record we conclude that the district court did not abuse its discretion and had ample basis on which to treble the damages award, notwithstanding Gill's pro se status.

### III.  Conclusion

For the foregoing reasons, we conclude that the district court did not abuse its discretion when it denied Gill's motion for a new trial.  Accordingly, we affirm.

### COSTS

No costs.