Rockingham, )
Feb. 6, 1923. )

## STATE *v.* STANLEY FOGG.

A verdict will not be set aside because of the statement by counsel of an immaterial fact which has no tendency to confuse or prejudice the jury.

The extent to which cross-examination may be carried to disparage the credibility of a witness is a question of fact to be determined at the trial.

If a respondent avails himself of the statutory privilege and testifies, he waives the constitutional protection in his favor, and subjects himself to the rules applicable to other witnesses.

A remark of the court during the trial relative to the possible future testimony of the respondent was not an infringement of his constitutional or statutory privileges with respect to not testifying, the remark being addressed to counsel in the course of a ruling and not to the jury and the respondent having subsequently and voluntarily elected to testify.

Where any prejudicial effect of a ruling might have been cured by appropriate instructions given at the time, a party's failure to request them is a waiver of objection to the ruling.

The respondent's appearance on the witness stand and manner of testifying were legitimate matters for the consideration of the jury, bearing on his credibility, and therefore proper subjects of comment.

INDICTMENT, for embezzlement. Trial by jury and verdict of guilty. Transferred by *Branch*, J., from the April term, 1922, of the superior court upon the respondent's exceptions to statements of the state's counsel in opening and in argument, to the exclusion of evidence and to remarks of the court made in the course of a ruling thereon. The facts are stated in the opinion.

*Jeremy R. Waldron*, solicitor, and *Oscar L. Young*, attorney-general (*Mr. Waldron* orally), for the state.

*Sleeper & Brown* (*Mr. Sleeper* orally), for the defendant.

SNOW, J. The respondent was indicted for failure to account to his employers, retail grain merchants, for moneys received in payment for goods delivered by him to a number of customers. The defendant excepted to the following passage in the opening statement of the state's counsel: "And then directly after that a Broderick . . . account, showed up . . . that had been paid; and so . . . the bookkeeper there, went to Mrs. Broderick's and Mrs. Broderick told her, as she will tell you here, that she had paid that." The ground of the exception is the incompetence as evidence of the statement made by Mrs. Broderick to the bookkeeper. The essential.

fact that Mrs. Broderick paid the respondent for the goods was supported by the testimony of Mrs. Broderick who was produced by the state as a witness. It is improbable that the statement objected to, which was merely incidental and introductory to an offer of competent evidence, could have influenced the jury. A verdict will not be set aside because of the statement by counsel of an immaterial fact which has no tendency to confuse or prejudice the jury. *Davis* v. *Sanders*, 11 N. H. 259, 263; *Swamscot Machine Company* v. *Walker*, 22 N. H. 457, 465; *Cook* v. *Brown*, 34 N. H. 460, 470; *Winship* v. *Enfield*, 42 N. H. 197, 211; *Rowell* v. *Hollis*, 62 N. H. 129, 131; *Parker* v. *New Boston*, 79 N. H. 54, 56; *Williams* v. *Company*, ante, 137, 139.

One of respondent's employers, Mrs. Nason, upon whose information the original complaint was made, was a witness for the state. Upon cross-examination, counsel for the respondent sought to impeach her credibility and to establish a motive for his prosecution by showing her hostility toward him arising from the fact, as he claimed, that he had refused to be a witness for her in a pending libel for divorce. During the course of the cross-examination, the respondent excepted to the exclusion of the question, "And at one time have you in mind trying to get Mr. Fogg to secure some evidence for you from a certain young girl in Exeter?" The witness had admitted conversation with respondent as to her divorce case in which he had volunteered to her some facts, but denied that she had sought information of him or asked him to testify in her behalf. No evidence had been submitted tending to show that the respondent had been requested, or had refused, to be her witness. The extent to which cross-examination may be carried to disparage the credibility of a witness is a question of fact to be determined at the trial. *Gutterson* v. *Morse*, 58 N. H. 165, 166; *Plummer* v. *Ossipee*, 59 N. H. 55, 58; *Merrill* v. *Perkins*, 59 N. H. 343, 345; *Guertin* v. *Hudson*, 71 N. H. 505, 508; *Benoit* v. *Perkins*, 79 N. H. 11, 18; *State* v. *Foster*, ante, 1, 4.

Upon further cross-examination, the witness, while admitting that she had talked with the respondent in regard to being a witness for her, denied that he had ever refused, upon which the following question and answer were received: "Q. And you considered that he would be a very valuable witness to you? A. Circumstantial evidence only." Upon objection by the state's counsel, the court by way of ruling said, "Well, she said Fogg never refused to testify for her. Now seems to me that that takes away the point from any

evidence of that kind at present. Fogg may testify to something else later," to which counsel for the respondent stated, "I will take an exception to that." Under this exception, counsel in brief and argument sets up error of the trial court (1) in unreasonably limiting the cross-examination as to the credibility of the witness and (2) in unfairly challenging the defendant to show the witness's untrustworthiness by his own testimony. Under the authorities hereinbefore cited, the limitation of the cross-examination in such a case was within the sound discretion of the trial justice. The ruling seems to have been sufficiently favorable to the respondent in allowing the question and answer to remain in the record and in declaring this field of inquiry open to him when and if evidence justifying such line of inquiry should later be submitted. The record does not show that the court denied the respondent the privilege of further examining the witness upon the issue of her credibility by questions justified by the evidence.

As to the second specification of error under this ruling, a more difficult question might have arisen had the respondent not taken the witness stand in his own behalf. The constitution provides that no subject shall be compelled to furnish evidence against himself. Bill of Rights, *art.* xv. "In the trial of indictments, complaints, and other proceedings against persons charged with the commission of crimes and offences, the person so charged shall, at his own request, but not otherwise, be a competent witness. Nothing herein contained shall be construed as compelling any such person to testify, nor shall any inference of his guilt result if he does not testify, nor shall the counsel for the prosecution comment thereon in case the respondent does not testify." P. S., *c.* 224, *ss.* 24, 25. The design of this statute was to enlarge the rights of the accused by making him a competent witness at his own election, and the purpose of the protecting provisions was to prevent an unfair inference to be drawn in case of his failure to exercise his privilege. If the accused does not elect to testify, the statute protects him not only from adverse comment by counsel but from inferences of guilt by reason of his silence. But if he avails himself of the statutory privilege, he waives the constitutional protection in his favor, and subjects himself to the rules applicable to other witnesses. *State* v. *Ober*, 52 N. H. 459, 463; *State* v. *Sterrin*, 78 N. H. 220, 222. In that case, he makes himself a competent witness to testify to any facts relevant and material to the issue; *Commonwealth* v. *Mullen*, 97 Mass. 545, 546; subjects himself to impeachment as a witness,

*Commonwealth* v. *Bonner*, 97 Mass. 587, 589; *Commonwealth* v. *Tolliver*, 119 Mass. 312, 315, and to adverse inference upon his failure to testify to any material facts within his knowledge. *Stover* v. *People*, 56 N. Y. 315, 320, 321; *People* v. *Trybus*, 219 N. Y. 18; *Caminetti* v. *United States*, 242 U. S. 470, 494; Underhill, Criminal Evidence, *par.* 68.

As the respondent subsequently took the stand, and testified at length upon the mooted question of his refusal to be Mrs. Nason's witness, the court's earlier reference to his possible testimony was harmless unless it is to be inferred from the record that in taking the stand, he acted under the compulsion of the court's objectionable comment. No such claim appears to have been made at the trial, and the presumption is that in taking the stand, he voluntarily exercised his right under the statute. *State* v. *Danforth*, 73 N. H. 215, 220. The circumstances under which the court's language was used, the terms of the exception taken and the course of the trial tend to support this presumption. The remark of the court was addressed not to the jury, but to counsel in the course of an appropriate ruling of law. It was incidental to the ruling and not calculated to direct the attention of the jury to his failure to exercise his privilege. (*State* v. *Mosley*, 31 Kans. 355, 357.) The language of the exception as taken is admittedly enigmatical. Under counsel's interpretation, it is made to support two distinct claims of error. The duty of assuring the respondent a fair trial rested upon his counsel as well as upon the court. If, by his exception, counsel intended to rely upon error because the court's remark was an invasion of the respondent's constitutional and statutory protection, it was the duty of counsel to make this meaning clear. The prejudicial effect, if any, of the court's ruling was not beyond remedy, but could have been cured by appropriate instructions given at the time. *Blodgett* v. *Webster*, 24 N. H. 91, 103; *Hayward* v. *Bath*, 38 N. H. 179, 183; *Haines* v. *Insurance Co.*, 59 N. H. 199, 200; *Matthews* v. *Clough*, 70 N. H. 600, 601; *Clark* v. *Middleton*, 74 N. H. 188, 189; *Gardner* v. *Company*, 79 N. H. 452, 457; *State* v. *Isabelle, ante*, 191, 192.

In his closing argument, the state's counsel said, "The Court will tell you that when you are considering the evidence you will have to take into consideration the interest that people have got in it and their appearance on the stand. Has anybody got any more interest in this case than Mr. Fogg has? And how did he appear on the stand, gentlemen? How did he appear? Was he the good honest fellow that never did anything wrong, never took a cent from any-

body, or was he a fellow that stood up there and was trying to duck back and forth and back and fill, anything to keep away from the question and answering it right up clearly and honestly?" The respondent's appearance on the witness stand and manner of testifying were legitimate matters for the consideration of the jury, bearing on his credibility, and therefore proper subjects of comment. *State* v. *Small*, 78 N. H. 525, 531; *Commonwealth Electric Co.* v. *Rose*, 214 Ill. 545. It does not appear from the record that the state's counsel exceeded his right. It is plain that counsel in argument was dealing solely with the question of the respondent's credibility as a witness. His testimony in important particulars was in direct conflict with the state's evidence. He had made his credibility an important issue. He was asking the jury to accept his testimony as the truth. Whether he looked and acted the part of an honest man or was shifting and evasive on the witness stand, as may be inferred from counsel's interrogation, was a fair question to put to the jury in argument.

*Exceptions overruled.*

YOUNG, J., was absent; the others concurred.