Cheshire, }
Nov. 5, 1924. }

### GEORGE H. DUNCAN, *Adm'r, v.* DERRY ELECTRIC COMPANY.

When evidence on a particular issue is conflicting, the issue is properly submitted to the jury.

An exception to the admission as exhibits of pieces of wood from a structure claimed to have been defective, based on the grounds of remoteness and that the exhibits were calculated to excite undue prejudice, raises no question for consideration by the supreme court if the exhibits are not transferred.

CASE, for negligence. Trial by jury. Verdict for the plaintiff. The defendants sold the intestate the electricity he used in his store in East Jaffrey. They had a line of high-tension wires running north and south on School Street and a line of service wires running east and west on Main Street and crossing the high-tension wires at right angles. The service wires were originally some two feet above the high-tension wires but at the time of the accident they had sagged to such an extent that they came in contact with the high-tension wires.

The court, *Allen*, J., submitted the issue whether the condition of a cross arm which carried the service wires contributed to cause the wires to sag, and the defendants excepted. They also excepted to the admission of several pieces of wood taken from that cross arm when it was removed from the pole some eight or nine months after the accident.

*Murchie & Murchie (Mr. Alexander Murchie* orally), for the plaintiff..

*Arthur Olson* and *Roy M. Pickard (Mr. Pickard* orally), for the defendant.

YOUNG, J.   The test to determine the validity of the defendants' first exception is to inquire whether there is any evidence tending to sustain the plaintiff's contention that the cross arm was decayed and that that caused the wires to sag.   Several witnesses testified that the cross arm was more or less decayed as well when the accident happened as when it was removed from the pole, and one witness testified that it was so much decayed that it was noticeable from the ground soon after the accident.   There were also the pieces of wood taken from the cross arm when it was removed from the pole.

In fact it is not seriously contended that this cross arm was absolutely sound at the time the accident happened.   It is obvious that in the absence of evidence tending to prove any other cause, it can be found that the decayed condition of the cross arm when taken in connection with the unusual length of the span caused the wires to sag.   Although it is true there was evidence tending to prove that the condition of the cross arm had nothing to do with the sagging of the wires, that fact in and of itself furnishes no sufficient reason for withdrawing this issue from the jury.

On the contrary, the fact that the relevant evidence was conflicting created a situation in which it was proper for the court to submit the issue to the jury to find whether the plaintiff's or the defendants' contention was sound.

The defendants contend that the time which elapsed between the accident and the time the cross arm was removed was so great that the condition of the cross arm at that time had little or no tendency to prove what its condition was when the accident happened.

In other words they say the pieces of wood admitted subject to their exception should have been excluded on the ground of remoteness.   They also say they should have been excluded on the ground that they were calculated to excite undue prejudice, or for the same reason that, when a person is on trial for a criminal offense, evidence that he has committed other similar offenses is excluded.   The issue raised by an exception based on the improper application of either of these rules is one of fact, consequently the test to determine the validity of such an exception is the same as that to determine the

validity of an exception to the court's refusal to order a nonsuit or a directed verdict; that is, to inquire whether it can be said as a matter of law that there is no evidence to sustain the court's finding. *State* v. *Braley, ante,* 323.

As the pieces of wood in question were not made a part of the record this exception raises no question for this court.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.