Hillsborough,  }
Jan. 5, 1926.  }

### State v. Linwood O. Travis.

A defendant in a criminal prosecution who voluntarily becomes a witness may be cross-examined as to any relevant matter which tends to discredit him as a witness, including a previous conviction of a criminal offense regarding which direct testimony could not be introduced.

Appeal, from the municipal court of Hillsborough. The complaint charged the defendant with operating a motor vehicle while under the influence of liquor. Laws 1923, c. 24. Trial by jury and verdict of guilty. Subject to exception, the solicitor in cross-examination of the defendant was permitted to inquire if he had not been "convicted of driving while under the influence of liquor" before, and if his automobile license had not been taken away for that reason. Bill of exceptions allowed by Branch, C. J.

George I. Haselton, solicitor, for the state.

J. Joseph Doherty, for the defendant.

Marble, J. "This presents the ordinary case of evidence admissible for one purpose, but not for another." Cobb v. Follansbee, 79 N. H. 205, 210.

The law is fundamental that the state cannot offer evidence of the bad character of a defendant except to rebut his evidence of good character (State v. Lapage, 57 N. H. 245, 289, 290), and even then bad character cannot be shown by particular acts. State v. Palmer, 65 N. H. 216, 218. It is also true that proof that a defendant has previously committed an offense similar to that for which he is on trial is not evidence that he is guilty of the offense charged. State v. La Rose, 71 N. H. 435, 436, 437; State v. Lapage, supra.

If, however, the defendant waives his privilege by voluntarily taking the stand, he may be cross-examined regarding any relevant matter which tends to discredit him as a witness. State v. Fogg, 80 N. H. 533, 535; 1 Wig. Ev., s. 196. The inquiry objected to in the present case was competent on the issue of the defendant's integrity. Constantine v. Grenier, 81 N. H. 550; Gutterson v. Morse, 58 N. H. 165. The defendant did not ask to have consideration

of the evidence limited to that issue, and consequently takes nothing by his general exception. *Tuttle* v. *Dodge*, 80 N. H. 304, 310; *Cobb* v. *Follansbee, supra*.

*Exception overruled.*

All concurred.