Hillsborough,
Nov. 3, 1931.

ROBERT J. DOYLE, *Adm'r*, *v.* J. G. LACROIX *& a.*

*Doyle & Doyle (Mr. Paul J. Doyle orally),* for the plaintiff.

*W. Anthony Joyce* and *O'Connor & Saidel (Mr. Saidel* orally), for the defendants.

MARBLE, J. The plaintiff's evidence tended to prove the following facts:

Mrs. Aurore Sirois, the mother of the plaintiff's intestate, engaged the defendants to lay linoleum on certain floors in her home. One Nault, an employee of the defendants, and Moreau, his helper, performed this work. They had finished covering the floors and were about to return to the shop when Mrs. Sirois informed them that she wished to have the thresholds covered also. While making this request she was standing in the kitchen with the child in her arms. As Nault and Moreau stepped into the adjoining room to get the linoleum, she placed the child on the floor beside her and began to peel potatoes at the sink.

The men returned with a new roll of linoleum, placed it on end near the middle of the kitchen floor, and cut off the required strip; then, leaving the roll in that position, proceeded to cover the sill of the door opening from the kitchen into the hall. Their backs were turned toward the kitchen as they worked.

Nault understood that there was danger that the roll might fall over, and admitted that if he had noticed the child "around there on the floor" he "wouldn't have walked off and left that roll standing on end." It could be found that he either knew or ought to have known that the child was there.

In their brief the defendants contend that the evidence is insufficient to justify a finding that the plaintiff's intestate was killed by the falling of the roll. During oral argument, however, this contention was abandoned.

Equally untenable is the argument that there can be no recovery because Nault in covering the thresholds was acting outside the scope of his employment. While he testified: "We don't do it for nobody when they don't ask for it," it is undisputed that Mrs. Sirois did ask that the thresholds be covered, that her request was complied with, and that the defendants have accepted pay in full for the work done.

The fact that Nault's testimony was at variance with that of Mrs. Sirois on nearly all matters in issue did not entitle the defendants to a directed verdict. *Duncan* v. *Company*, 81 N. H. 398; *Barrett* v. *Company, ante*, 33, 34.

The presiding justice correctly ruled that the negligence of the mother could not be imputed to the child. The subject is carefully considered in *Warren* v. *Railway*, 70 N. H. 352, and that case has been consistently followed in this state. *Williams* v. *Railroad*, 82 N. H. 253, 254, and cases cited.

Nevertheless the verdict must be set aside. Nault testified that Mrs. Sirois told him "the baby was sick," and that during all the time he was working there, so far as he had observed, the child was either in his mother's or in his sister's arms. He stated unequivocally that while he was cutting the strip for the threshold "the baby and little sister were in the other room." Mrs. Sirois testified that the child was then on the floor beside her. On cross-examination she was asked: "Did you ever tell anyone that you were entirely to blame for this accident?"

The question was excluded, whereupon counsel said: "I will offer it . . . not on the question of imputing negligence, but on the question of the veracity of the witness . . . I am going to show she told other

people she was entirely to blame for the accident, and they were in no way to blame. It is offered purely on the question of veracity."

The court ruled: "The trouble is she is not the plaintiff, and anything she might have said cannot bind the plaintiff ... As I understand it, you cannot ask any questions on collateral matters to attack anyone's veracity."

This was error. If the jury believed Mrs. Sirois' testimony, the accident was due solely to the defendant's fault. Any statement of hers to the contrary would tend to discredit her as a witness, and it has been repeatedly held that cross-examination on matters of this kind may be properly allowed. *State* v. *Travis*, 82 N. H. 220, and cases cited. See also *Masterson* v. *Railway*, 83 N. H. 190, 195; *State* v. *Hersom*, 84 N. H. 433, 435.

This result makes it unnecessary to consider the remaining exceptions.

*New trial.*

All concurred.