**Steven R. GREEN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–821.

District of Columbia Court of Appeals.

Argued Sept. 25, 1984.

Decided Oct. 12, 1984.

Thomas K. Clancy, Washington, D.C., appointed by this court, for appellant.

John P. Dominguez, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Jerry S. Goren, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and FERREN and ROGERS, Associate Judges.

**PER CURIAM:**

Green challenges his conviction for assault with intent to kill while armed and possession of a sawed-off shotgun on a variety of grounds, only one of which merits discussion.[1] We affirm.

The evidence disclosed a near riot in the area between two public schools in the District of Columbia. During the fracas, Green returned to a car, obtained a sawed-off shotgun and shot Riddick. In essence, Green's defense was self-defense.

During cross-examination of Green, the prosecutor capsulized the testimony of several government witnesses seriatim, which contradicted Green's testimony, and asked him as to each of them whether he knew any reason why they would lie. The trial court overruled Green's objections to this line of questions. This was error. We have previously condemned this practice. *Carter v. United States*, 475 A.2d 1118, 1126 (D.C.1984). *See also Sherrod v. United States*, 478 A.2d 644, 653 n. 8 (D.C. 1984). We do so again.[2] In the context of this case, however, we are satisfied that the error was harmless. *Dyson v. United States*, 450 A.2d 432, 437–43 (D.C.1982); *Villacres v. United States*, 357 A.2d 423, 428 (D.C.1976).

*Affirmed.*

---

1. Green also contends the trial court erred in one jury instruction and by certain comments to the jury during trial. No objection was made at trial and we find these claims to border on frivolous. He also contends the prosecutor engaged in misconduct in closing argument. No objection was made. Even assuming the prosecutor's comments were error, they do not justify reversal in this case. *Arnold v. United States*, 467 A.2d 136, 137–38 (D.C.1983). We find no merit to Green's other contentions.

2. *See People v. Meeks*, 11 Ill.App.3d 973, 297 N.E.2d 705, 709–10 (Ct.App.1973), *cert. denied*, 418 U.S. 905, 94 S.Ct. 3196, 41 L.Ed.2d 1153 (1974); *State v. Glidden*, 122 N.H. 41, 441 A.2d 728, 731–32 (1982); *State v. Green*, 71 Wash.2d 372, 428 P.2d 540, 546 (1967); *State v. Atkins*, 163 W.Va. 502, 261 S.E.2d 55, 63–65 (1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980).