Nashua District Court
No. 83-350
No. 83-356

### THE STATE OF NEW HAMPSHIRE

v.

### GLENN MARTIN

### THE STATE OF NEW HAMPSHIRE

v.

### PATRICIA ALCORN

November 9, 1984

*Gregory H. Smith,* attorney general (*T. David Plourde,* assistant attorney general, on the brief, and *Michael A. Pignatelli,* assistant attorney general, orally), for the State.

*David M. Groff,* of Pelham, by brief and orally, for the defendant Glenn Martin.

*Kozlowski, Gauthier and Parodi,* of Nashua (*Robert M. Parodi* on the brief and orally), for the defendant Patricia Alcorn.

SOUTER, J. Each defendant was charged under RSA 265:82 (Supp. 1983) with driving while under the influence of intoxicating liquor. Although the police did not request either defendant to submit to a chemical test, in the district court each claimed a legal and constitutional right to be provided with a sample of breath, blood or urine for testing to indicate blood alcohol content, and each moved to dismiss the complaint for the State's failure to provide such a sample. In *State v. Martin,* the Nashua District Court (*Harkaway,* J.) has made an interlocutory transfer of several questions that raise the claim. In *State v. Alcorn,* the defendant raises the claim on appeal from her conviction in that same court. We reject the claim in responding to the questions transferred in the former case, and for the same reason affirm the conviction in the latter.

An officer of the Nashua Police Department brought each defendant to the Nashua police station after arrest. At each time the

department's breathalyzer was broken, and the police so told each defendant. The police claim that an officer gave each defendant an opportunity to obtain a blood sample at the defendant's own expense at a nearby hospital. The defendant Martin disputes this. The defendant Alcorn first declined that opportunity, then requested it, then declined it again.

Each argues, in effect, that merely providing such an opportunity was or would have been insufficient to satisfy the State's obligation. Each argues that the Implied Consent Law, RSA 265:84 *et seq.* (Supp. 1983), gives rise to an affirmative obligation on the State to provide samples of a defendant's bodily substances for testing to indicate blood alcohol content, and each contends that failure to provide such a sample for testing as evidence requires dismissal of the charges. Each defendant's position here rests on some combination of statutory, due process and equal protection claims, which we will consider in that order.

We begin with an examination of the statutory claim. In essence, the defendants argue that the terms of the Implied Consent Law oblige the State to take some sample and that this requirement can be enforced only by dismissing a case when the police have not done so.

To judge the soundness of this position, we must examine the terms of the statute. Under the terms of the Implied Consent Law, when a person has been arrested for driving while under the influence of intoxicating liquor or for any other misdemeanor or violation referred to in RSA 265:84 (Supp. 1983), he has a choice to allow the State to obtain a sample of his breath, blood or urine for testing, *id.*, or to incur administrative penalties for refusal. RSA 265:92 (Supp. 1983). Subject to such controls as will ensure reliable results, *State v. Gallant*, 108 N.H. 72, 227 A.2d 597 (1967); RSA 265:85 (Supp. 1983), the tests are administered at the direction of a law enforcement officer. RSA 265:84 (Supp. 1983).

The statute contains no express requirement that an arresting officer must direct that any sample be taken or any test administered, and a valid conviction may result without evidence of any chemical test. *See, e.g., State v. Sliz*, 124 N.H. 389, 469 A.2d 1357 (1983). The defendants' position must therefore rest, if at all, on some implied statutory requirement. The law's closest approaches to such an implication occur in two provisions.

RSA 265:86 provides that any blood or urine sample taken under RSA 265:84 shall be large enough to provide the defendant with a sample for his own testing. In *State v. Cornelius*, 122 N.H. 925, 452 A.2d 464 (1982), this court in effect extended that require-

ment to breath samples taken after February 1, 1983. By the terms of the statute, however, these obligations arise only when a test is administered at the direction of a law enforcement officer. There is no suggestion of such obligation in the circumstances of the cases now before us.

The second approach to the defendants' position occurs in the provision that "[a]ny person to whom ... [the Implied Consent Law] is applicable" shall have "the right ... to have similar tests made ...." RSA 265:86 (Supp. 1983). As broad as that language is, the statute goes on to provide that the police must advise the defendant of this right, "at the same time as the person is requested to permit a test under the provisions of RSA 265:84." It also provides that a person's inability to obtain such a further test will not preclude the admission of the results of the test ordered by the police. It is therefore apparent that when the statute speaks of a right to have "similar tests," it provides only an opportunity to seek further tests once the police have requested a test in the first instance. But the statutory provision for such an opportunity does not imply any absolute obligation on the police to obtain a sample for testing, and we must therefore conclude that there is no statutory support for the defendants' position.

For want of a statutory right, the defendants would rest their claims on constitutional requirements, to which we now turn. Each defendant contends that requirements of due process include an obligation to obtain a sample for testing.

Though there is no direct authority on this point under the State Constitution, such prior authority as there is goes against the defendants. In *State v. Booton*, 114 N.H. 750, 329 A.2d 376 (1974), *cert. denied*, 421 U.S. 919 (1975), this court held generally that there is no denial of due process under part I, article 15 in leaving discovery in criminal cases within the discretion of the trial courts, unless existing exculpatory evidence or a statutory disclosure requirement is involved. Where the obligation to disclose evidence is so far outside the limits of constitutional obligation, a broad obligation to gather such evidence would be anomalous. Further and more specifically, *Booton* rejected the argument that due process requires the State to obtain minutes of evidence before a grand jury. Since the State need not obtain this sort of testimonial evidence, it is again not apparent why the State should be obligated to obtain evidence for chemical testing.

Indeed, in only one prior case has a majority of this court indicated that the State is under a limited due process obligation to obtain a sample for chemical testing. *State v. Cornelius*, 122 N.H.

925, 452 A.2d 464 (1982). But this obligation is only to obtain a second sample if the State has first procured one. Since the reasoning in support of that obligation rested on the relative positions of the parties where the State had control of the only sample, that reasoning does not support a claim that there is a *per se* obligation to obtain a sample. Therefore, the reasoning in *Cornelius* did not unsettle the concepts of due process that were reflected in *Booton*.

■ Regardless of prior authority, of course, the ultimate standard for judging a due process claim of the sort now before us is the notion of fundamental fairness. *Appeal of Public Serv. Co. of N.H.*, 122 N.H. 1062, 454 A.2d 435 (1982). Is it, then, fundamentally unfair for the State to prosecute for driving while under the influence, and for courts to convict, in the absence of samples subject to chemical testing to produce relevant evidence? When answering this question one must bear in mind that chemical testing is only one source of relevant evidence in such a prosecution, and it is by no means a subject of judicial notice that such testing always produces more reliable evidence than traditional observation and investigation. The evidence in question lacks any monopoly on probative value. When so considered, it is not fundamentally unfair to prosecute or convict without it. *Accord, Commonwealth v. Alano*, 388 Mass. 871, 448 N.E.2d 1122 (1983), and cases cited at note 5 thereof.

The defendants do not fare better under the due process clause of the fourteenth amendment of the Constitution of the United States. Each defendant cites *United States v. Bryant*, 439 F.2d 642 (D.C. Cir. 1971). That case, however, is not on point. *Bryant* set criteria for determining the appropriate remedy when the government had lost or destroyed evidence that had once been in its possession and had been subject to discovery under Rule 16(a) of the Federal Rules of Criminal Procedure. In contrast, the present cases are not about lost evidence, but about a claim that the State had an affirmative obligation to obtain evidence in the first instance. On that point, *Bryant* provides no support.

The federal authorities do not merely leave the question open, however. After the present cases were argued, the Supreme Court of the United States decided *California v. Trombetta*, 104 S. Ct. 2528 (1984), which points to the answer that the Court would give to the question now before us.

In *Trombetta* the Court rejected a claim under the due process clause that the results of breathalyzer tests are inadmissible in a prosecution such as those now before us, unless the State has preserved a breath sample for independent testing by the defendant. *Cf. State v. Cornelius supra.* The Court distinguished the situation

before it from cases in which the failure to preserve such evidence was a departure from normal practice, and from cases in which the failure to preserve was a circumvention of the obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

Since the Court held that fundamental fairness does not require the State to obtain and preserve a breath sample for testing by a defendant even in cases where the State has obtained and tested such a sample for itself, it is extremely unlikely that there is a federal due process obligation to obtain such samples in the first instance. Thus, the federal authority runs against the claims of the defendants now before us. In conclusion, then, neither State nor federal standards of due process support the defendants' claims.

It remains for us to consider the defendants' last arguments, that standards of equal protection under the fourteenth amendment of the Constitution of the United States require the State to test or to obtain samples for testing in all cases. Without extended analysis, defendant Alcorn asserts that the failure to test her denied her equal protection because the State had no "reasonable basis" to deny her the chemical test it usually performed. The answer to this assertion is obvious once we note that there is no evidence that the Nashua Police Department customarily obtained any sample but a breath sample, or performed any test but a breath test. That being so, the rational basis for treating her, and the defendant Martin, differently from the usual defendant was simply that the breathalyzer was broken.

The defendant Alcorn also suggests that there was a denial of equal protection in the requirement of the police that any blood test be at her own expense. This claim, like the defendant Martin's more general assertion that the State should pay for the test, is not properly before us. There is no evidence that either defendant was indigent or that the cost of the test in any way influenced the defendant Alcorn to decline to have a blood sample drawn.

In summary, we find no statutory or constitutional support for the proposition that a chemical test must be given or a sample obtained for testing in every case charging a violation of RSA 265:82 (Supp. 1983). Therefore, the absence of such a sample is no basis for dismissal. Accordingly, case No. 83-350 is remanded for entry of an order denying the motion to dismiss, and the judgment of conviction in case No. 83-356 is affirmed.

*No. 83-350 remanded;*
*No. 83-356 affirmed.*

All concurred.