## The State of New Hampshire

v.

## Dewey Baldwin

October 30, 1985

*Stephen E. Merrill*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief and orally), for the State.

*Law Offices of Randall E. Wilbert*, of Nashua (*Randall E. Wilbert* on the brief and orally), for the defendant.

### Memorandum Opinion

The defendant appeals the denial by the Superior Court (*Bean*, J.) of his pretrial motion to dismiss the charge of driving under the influence of intoxicating liquor, as well as his later conviction after a jury trial before *Pappagianis*, J. We affirm.

After the Nashua police had charged the defendant on May 17, 1983, with the misdemeanor of driving while under the influence of intoxicating liquor, RSA 265:82, he agreed to take a breath test subject to the implied consent law. *See* RSA 265:84 *et seq.* On finding that the Nashua Police Department's breathalyzer machine was broken, the arresting officer took the defendant to the Merrimack

police station to use a machine there. When it, too, proved to be broken, the officer returned the defendant to Nashua, to be booked and jailed.

When he first requested that the defendant take a breath test, the officer advised the defendant that he had a right to an additional test at his expense for his own evidence. *See* RSA 265:86. Twice again on the return from Merrimack the officer gave the defendant the opportunity to have a blood sample taken for independent testing, but he declined each time. Fifteen or twenty minutes after he had been placed in a cell, however, the defendant demanded to be taken out for a blood test. By then, about one hour and forty minutes had passed since the arrest, and the officer was about to leave the police station to resume his patrol. He therefore refused the defendant's request.

■ On these facts, the defendant first argues that the complaint should have been dismissed for violation of a State and federal constitutional right to a blood test at his request, an issue upon which this court has never ruled. The issue is not properly before us on this record, however. Assuming *arguendo* that the defendant has the right he asserts, he was given a reasonable opportunity to exercise it. The officer provided the defendant with the opportunity for such a test three times, and the defendant expressly refused the last two offers. In view of the rejected offers, and the diminishing value of the test as any alcohol became metabolized, *see Harlan v. State*, 113 N.H. 194, 197, 308 A.2d 856, 858 (1973), it was not unreasonable for the officer to refuse to transport the defendant to have a blood sample drawn one hour and forty minutes after arrest, when the officer was about to return to his patrol.

■■ The defendant next argues that the court should have dismissed the complaint because the officer's refusal to transport him to have a blood sample drawn was equivalent to the destruction of potentially exculpatory evidence. To the extent that this second claim raises any issue beyond the first, discussed above, we have already rejected it in *State v. Martin*, 125 N.H. 672, 675–77, 484 A.2d 1176, 1178–79 (1984). *Martin* also disposes of the defendant's argument that he was denied equal protection by the State's refusal to pay for the test, since he makes no claim of indigency or inability to pay for the test. *Id.* at 677, 484 A.2d at 1180.

■ The defendant's remaining claims go to the trial court's jury instructions. The defendant objected to the instruction that the State had no obligation to provide a chemical test. This instruction was a correct statement of the law, however, as we have noted above. *State v. Martin, supra* at 676, 484 A.2d at 1179.

The defendant also objected to the court's further instructions that alcohol is metabolized over time and that the jury should not speculate about the alcoholic content of the defendant's blood in the absence of evidence of the results. But he stated no reasons for these objections, which therefore were insufficient to preserve any issues for appeal. *See State v. Fournier*, 123 N.H. 777, 779, 465 A.2d 898, 900 (1983). The defendant cannot, in any event, be heard to complain about the instruction on metabolization, since he had himself introduced into evidence a chart indicating the rate at which metabolization occurs.

*Affirmed.*

JOHNSON, J., did not sit.