Rockingham
No. 87-501

THE STATE OF NEW HAMPSHIRE

v.

STEVEN A. JONCAS

March 6, 1989

*Jeffrey R. Howard,* acting attorney general (*Michael D. Ramsdell,* assistant attorney general, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

JOHNSON, J. The defendant was indicted on the charge of escape from official custody, RSA 642:6, and was convicted after a jury trial in the Superior Court (*Groff,* J.). He asserts on appeal that his motion to dismiss the indictment should have been granted because his rights to due process, to effective assistance of counsel, and to confront witnesses were violated by the failure of Seabrook police officers to undertake a "standard" investigation of the offense. We affirm the conviction.

The facts of the case may be summarized as follows. On Saturday, May 17, 1986, Seabrook police arrested the defendant for shoplifting. After his arrest, the police conducted a warrant check and discovered an outstanding warrant for his arrest from the Rockingham County Sheriff's Department. As a consequence, the defendant was first processed at the Seabrook police station and then transported to the Rockingham County jail. He was then again officially arrested by a sheriff's deputy on the outstanding warrant,

and told he was to be held until bail could be set by the superior court.

Two days later, the defendant was brought by van to the Hampton District Court for a hearing on the shoplifting charge with four other inmates from the jail. Upon arrival at the courtroom, the inmates were seated. Seabrook Officer Crossland, who was in charge of the inmates, then took one of them to the clerk's office to allow him to make a telephone call. When Officer Crossland returned to the courtroom he discovered that the defendant had disappeared. A search of the building and the Hampton area failed to locate the defendant, who was later arrested in Massachusetts at the place where he was living.

The defendant advances the rather novel argument that because of allegedly negligent police work, *i.e.*, the failure to file a report of the incident, his right to a fair trial on the escape charge was compromised. There is no question that the Seabrook police were unable to produce any reports or notes of the incident for inspection by the defendant's counsel. Officer Crossland testified that he believed he did prepare a report of the escape, but that the report could not be located for review by defendant's counsel. Prior to the jury trial, the defendant also deposed both another Seabrook officer, who had spoken with the defendant at the Hampton District Court on the day of the escape, and the Seabrook Police Chief.

The defendant's motion to dismiss raises no State constitutional questions; hence, we will decide this case solely upon federal constitutional grounds. It should be noted at the outset that the defendant at no time argues that police reports were, in fact, prepared and that relevant evidence was thus lost or destroyed to his detriment. *See State v. Murray*, 129 N.H. 645, 648, 531 A.2d 323, 325 (1987). Further, the defendant does not claim that a report, if one had existed, would have contained exculpatory evidence relevant to the escape charge. *See California v. Trombetta*, 467 U.S. 479, 488 (1984) (duty of State to preserve evidence "limited to evidence that might be expected to play a significant role in the suspect's defense").

 Turning first to the defendant's claim that the police conduct in this matter deprived him of his due process rights, the defendant must show that the conduct of the police in investigating and reporting on this matter failed to meet a standard of fundamental fairness. *See State v. Martin*, 125 N.H. 672, 677, 484 A.2d 1176, 1179 (1984) (citing *California v. Trombetta supra*). The fact that the police in the instant case either did not prepare a report, or prepared one and misplaced it, could only work to the

benefit of the defendant. The record reveals that defense counsel cross-examined the police officers as to the lack of a report, the preparation of which one officer described as being "appropriate" to the circumstances. Thus, to the extent that the defendant was able to show that the police were negligent in their handling of his case, this showing of negligence could only have damaged the State's case as to the credibility of the police. The defendant told the jury his version of the events on the day in question, and the police officers testified as to their recollection of the events, which varied in numerous ways from the defendant's testimony. Thus, the issue of credibility of the witnesses was clearly before the jury. The fact that the police officers may have failed to follow standard police practices in preparing a report or reports of the incident thus did not deny the defendant the fundamental fairness to which he was entitled. *Cf. Arizona v. Youngblood*, 109 S. Ct. 333, 337 (1988).

Further, the nonexistence of a police report did not deprive the defendant of his right to effective assistance of counsel. A defendant is constitutionally entitled to counsel who performs "within the range of competence required of attorneys representing defendants in criminal cases." *State v. Staples*, 121 N.H. 959, 961, 437 A.2d 266, 267 (1981) (citations omitted); *see also State v. Glidden*, 127 N.H. 359, 361, 499 A.2d 1349, 1350 (1985). In this case, the defendant was able to inform his own counsel of what had occurred, and he offered his version of the events to the jury. Although the police may have failed to conduct an exemplary investigation of this incident, there is no claim that the police in any way interfered with defendant's consultations with counsel or prevented counsel from acting on defendant's behalf. *See Strickland v. Washington*, 466 U.S. 668, 686, *reh'g denied*, 467 U.S. 1267 (1984) (right to effective assistance violated when government "interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense").

Finally, the defendant was not deprived of the right to confront witnesses against him. His counsel deposed all of the witnesses present on the day of the escape and cross-examined them during the course of the trial in the defendant's presence. The fact that an officer may have been careless in failing to file a report on the incident did not serve to deprive the defendant of his right to confront the witnesses who testified against him. *See generally State v. Chaisson*, 123 N.H. 17, 30, 458 A.2d 95, 102 (1983) ("primary interest guaranteed by the confrontation clause is the right to cross examination").

480

The defendant's motion to dismiss the indictment was properly denied.

*Affirmed.*

All concurred.