Lancaster District Court
No. 99-623

## THE STATE OF NEW HAMPSHIRE

v.

## DALE NICKERSON

September 25, 2001

*Philip T. McLaughlin*, attorney general (*Constance N. Stratton*, assistant attorney general, on the brief, and *Jeffery A. Strelzin*, attorney, orally), for the State.

*Hobbs & Associates, L.P.A.*, of Nashua (*James B. Hobbs* on the brief and orally), for the defendant.

DUGGAN, J. The defendant, Dale Nickerson, appeals the decision of the Lancaster District Court (*DesJardins*, J.) denying his motion to suppress the results of a blood test. We affirm.

The defendant was the driver of a vehicle involved in a single car accident. He was transported to a hospital where a routine blood test was performed by medical personnel. A State trooper then questioned the defendant about the cause of the accident and whether he had been drinking. After advising the defendant that he was being arrested for driving while intoxicated (DWI), *see* RSA 265:82 (Supp. 2000), the trooper informed him of his administrative license suspension rights and asked him to submit to a blood test. The defendant acknowledged that he understood his rights and refused the test. Subsequently, the trooper asked the defendant's treating physician for a printout of the results of the blood test performed by the hospital. The physician provided the trooper with a printout, which was later introduced at trial. The defendant was convicted of DWI.

Pursuant to RSA 265:91-a (Supp. 2000), the trooper informed the department of motor vehicles (DMV) that the defendant had refused to submit to the trooper's request for a blood test, after which the DMV suspended the defendant's license for six months.

■ On appeal, the defendant first argues that the physician-patient privilege, as codified in RSA 329:26 (Supp. 2000), precludes the State from obtaining and using the results of a hospital blood test without the patient's consent. "[W]hen the language used in a statute is clear and unambiguous, its meaning is not subject to modification by judicial construction." *State v. Dushame*, 136 N.H. 309, 314 (1992) (quotation omitted). RSA 329:26 states:

> [The physician-patient privilege] shall ... not apply to the release of blood samples and the results of laboratory tests for blood alcohol content taken from a person who is under investigation for driving a motor vehicle while such person was under the influence of intoxicating liquors or controlled drugs.

The defendant contends that the legislature intended this exception to the privilege to apply only when a person willingly submits to a law enforcement officer's request for a blood test. We disagree. If the legislature had meant for the privilege to be abrogated only when a patient

has consented to a law enforcement officer's request for a blood test, it could easily have drafted the statute to do so. It did not. Thus, the statute applies irrespective of whether the defendant consented to the law enforcement officer's request for the results of the defendant's blood test.

Next, the defendant argues that RSA 265:92 (2000) precludes the State from obtaining and using the test results provided by the defendant's physician, and then informing the DMV that the defendant declined to take a blood test pursuant to RSA 265:91-a. He contends that his refusal to be tested by the State trooper prevents the State from obtaining and using the results of the blood test administered by the hospital. RSA 265:92 provides, in pertinent part:

> If a person under arrest for [DWI] refuses upon the request of a law enforcement officer to submit to . . . a test of blood, urine or breath designated by the law enforcement officer as provided in RSA 265:84, none shall be given . . . .

■ It is clear from the language of the statute that the legislature intended RSA 265:92 to prohibit only *state actors* from giving a blood, urine or breath test. Nothing in RSA 265:92 prevents a law enforcement officer from either obtaining the results of a blood test that was not administered at an officer's direction or from informing the DMV of the defendant's refusal to be tested. In the instant matter, the defendant concedes that the results of the blood test introduced at trial were not obtained at the request of the State trooper. Therefore, under RSA 329:26, the State properly obtained and used the defendant's blood test as evidence.

Finally, the defendant argues that RSA 265:86 (Supp. 2000) and due process give rise to an affirmative obligation on the State to provide a defendant with a second sample for independent testing whenever a person submits to a blood, urine or breath test that is used for the purpose of determining blood alcohol content.

■ Pursuant to RSA 265:86, the obligation to provide defendants with a sample for their own testing "arises[s] only when a test is administered at the direction of a law enforcement officer." *State v. Martin*, 125 N.H. 672, 675 (1984). As noted above, the defendant in the present matter concedes that the test was not administered at the direction of the State trooper.

■ Similarly, a defendant's constitutional guarantees of due process may not be violated without the involvement of a State actor. The Due

Process Clause does not apply to private actors. *See, e.g., State v. Carroll,* 138 N.H. 687, 691 (1994) (Due Process Clause of the New Hampshire Constitution applies only to State actors); *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948) (noting that the Fourteenth Amendment does not apply to private actors); *State v. Chapman,* 135 N.H. 390, 400 (1992) (no violation of the Fourteenth Amendment without State action). The defendant has produced no evidence that the physician was a State actor at the time the defendant's blood was obtained.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.